UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

YASEEN TRAYNOR, on behalf of himself and
all others similarly situated,

        Plaintiffs,

        v.

THE GOULET PEN COMPANY, LLC,

        Defendant.

Civil Action No. 1:19cv02698-PAE-HBP

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES**

## INTRODUCTION[1]

1.     Regarding the allegations in Paragraph 1, Defendant The Goulet Pen Company, LLC ("Goulet Pen" or "Defendant") admits that Plaintiff purports to bring the claims asserted in the Complaint on behalf of himself and others similarly situated. Goulet Pen denies that Plaintiff's claims have merit, denies that class certification is proper, and denies that Plaintiff is entitled to any relief whatsoever from Goulet Pen in this action.

2.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore, it denies the same.

3.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore, it denies the same. Answering further, Goulet Pen avers that data released by the U.S. Census Bureau speaks for itself.

---

[1] The headings from Plaintiff's Complaint are used for ease of reference and are not, and should not be construed as, admissions or denials of any allegation, claim, or issue.

4.      The allegations of the first sentence of Paragraph 4 are denied. The second sentence of Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

5.      Regarding the allegations of Paragraph 5, Goulet Pen admits that it operates the Website. The remaining allegations of Paragraph 5 state legal conclusions and prayers for relief to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen denies that Plaintiff is entitled to any relief whatsoever from Goulet Pen in this action.

### JURISDICTION AND VENUE

6.      The allegations of Paragraph 6 state legal conclusions to which no response is required.

7.      The allegations of Paragraph 7 state legal conclusions to which no response is required.

8.      The allegations of Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

9.      The allegations of Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

10.      The allegations of Paragraph 10 state legal conclusions to which no response is required.

### THE PARTIES

11.      Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore, it denies the same.

12.     Goulet Pen admits that it is a Virginia limited liability company that does business in New York. The remaining allegations of Paragraph 12 are denied.

13.     The allegations of Paragraph 13 state a legal conclusion to which no response is required. To the extent a response is required, these allegations are denied.

### NATURE OF ACTION

14.     The allegations of Paragraph 14 are admitted.

15.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore, it denies the same.

16.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore, it denies the same.

17.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore, it denies the same.

18.     Goulet Pen admits the existence of the WCAG 2.0 guidelines. Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and therefore, it denies the same.

19.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore, denies the same, including subparts 19.a. through 19.q.

## STATEMENT OF FACTS

### Defendant's Barriers on Its Website[2]

20.     Regarding the allegations of Paragraph 20, Goulet Pen admits that it is a pen company and operates the Website. The remaining allegations of Paragraph 20 are ambiguous as worded and therefore are denied.

21.     Regarding the allegations of Paragraph 21, Goulet Pen admits that it distributes its products throughout the United States and has sold products to buyers in New York. The remaining allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are admitted.

23.     The allegations of the first and third sentences of Paragraph 23 are admitted. The allegations of the second sentence of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are denied.

25.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same. Answering further, Goulet Pen denies that the Website contains the barriers to accessibility described in Paragraph 26.

27.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same. Answering further, Goulet Pen denies that the Website contains the barriers to accessibility described in Paragraph 27, including subparts 27.a. through 27.d.

---

[2] The headings from Plaintiff's Complaint are used for ease of reference and are not, and should not be construed as, admissions or denials of any allegation, claim, or issue.

**Defendant Must Remove Barriers to its Website**

28.      The allegations of Paragraph 28 are denied.

29.      The allegations of Paragraph 29 are denied.

30.      The allegations of Paragraph 30 are denied. Goulet Pen specifically denies that the Website is not "equally accessible to all."

31.      The allegations of Paragraph 31 are denied. Goulet Pen specifically denies that the Website contains access barriers that make its services inaccessible and independently unusable for blind and visually impaired people.

32.      Goulet Pen denies the allegations in Paragraph 32, including its subparts 32.a. through 32.c.

33.      The allegations of Paragraph 33 are denied.

34.      The allegations of Paragraph 34 state legal conclusions to which no response is required.

35.      The allegations of Paragraph 35 are denied, including its subparts 35.a. through 35.d. Goulet Pen specifically denies that Plaintiff or any individual Plaintiff purports to represent is entitled to the relief sought, or any relief from Goulet Pen in this action.

36.      The allegations of Paragraph 36 are denied. Goulet Pen specifically denies that the Website is not accessible.

37.      The allegations of Paragraph 37 are denied.

38.      The allegations of the first sentence of Paragraph 38 are admitted. The allegations of the second sentence of Paragraph 38 are denied. Goulet Pen specifically denies that Website is not accessible.

39.      The allegations of Paragraph 39 are denied.

## CLASS ACTION ALLEGATIONS

40.     Regarding the allegations of Paragraph 40, Goulet Pen admits that Plaintiff seeks to certify the class as defined in Paragraph 40. Goulet Pen denies that such certification is proper.

41.     Regarding the allegations of Paragraph 41, Goulet Pen admits that Plaintiff seeks to certify the class as defined in Paragraph 41. Goulet Pen denies that such certification is proper.

42.     Regarding the allegations of Paragraph 42, Goulet Pen admits that Plaintiff seeks to certify the class as defined in Paragraph 42. Goulet Pen denies that such certification is proper.

43.     The allegations of Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied, including its subparts 43.a. through 43.d.

44.     The allegations of Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that class certification is proper.

45.     The allegations of Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that class certification is proper.

46.     The allegations of Paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that class certification is proper.

47.     The allegations of Paragraph 47 are denied.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.***

48.     Goulet Pen restates and incorporates its responses to Paragraphs 1-47 of the Complaint. Goulet Pen denies that certification of any of the putative classes defined in the Complaint is proper.

49.     The allegations of Paragraph 49 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

50.     The allegations of Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

51.     The allegations of Paragraph 51 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

52.     The allegations of Paragraph 52 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

53.     The allegations of Paragraph 53 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

54.     The allegations of Paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

55.     The allegations of Paragraph 55 state a prayer for relief to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that Plaintiff or any individual Plaintiff purports to represent is entitled to the relief sought, or any relief from Goulet Pen in this action.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYSHRL

56.     Goulet Pen restates and incorporates its responses to Paragraphs 1-55 of the Complaint. Goulet Pen denies that certification of any of the putative classes defined in the Complaint is proper.

57.     The allegations of Paragraph 57 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

58.     The allegations of Paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

59.     The allegations of Paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

60.     The allegations of Paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

61.     The allegations of Paragraph 61 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

62.     The allegations of Paragraph 62 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself.

63.     The allegations of Paragraph 63 are denied.

64.     The allegations of Paragraph 58, including its subparts 58.a. through 58.c., state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

65.     The allegations of Paragraph 65 are denied.

66.     The allegations of Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

67.     The allegations of Paragraph 67 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

68.     The allegations of Paragraph 68 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

69.     The allegations of Paragraph 69 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

70.     The allegations of Paragraph 70 state a prayer for relief to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that Plaintiff or any individual Plaintiff purports to represent is entitled to the relief sought, or any relief from Goulet Pen in this action.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE NYCHRL**

71.     Goulet Pen restates and incorporates its responses to Paragraphs 1-70 of the Complaint. Goulet Pen denies that certification of any of the putative classes defined in the Complaint is proper.

72.     Goulet Pen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same.

73.     The allegations of Paragraph 73 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself. Goulet Pen denies that it has violated the cited statute.

74.     The allegations of Paragraph 74 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself. Goulet Pen denies that it has violated the cited statute.

75.     The allegations of Paragraph 75 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

76.     The allegations of Paragraph 76 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

77.     The allegations of Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

78.     The allegations of Paragraph 78 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself. Goulet Pen denies that it has violated the cited statute.

79.     The allegations of Paragraph 79 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself. Goulet Pen denies that it has violated the cited statute.

80.     The allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 82 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYCHRL**

83.     Goulet Pen restates and incorporates its responses to Paragraphs 1-82 of the Complaint. Goulet Pen denies that certification of any of the putative classes defined in the Complaint is proper.

84.     The allegations of Paragraph 84 state legal conclusions to which no response is required. Goulet Pen further avers that the cited statute speaks for itself. Goulet Pen denies that it has violated the cited statute.

85.    The allegations of Paragraph 85 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

86.    The allegations of Paragraph 86 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

87.    The allegations of Paragraph 87 are denied.

88.    The allegations of Paragraph 88 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

89.    The allegations of Paragraph 89, including its subparts 89.a. through 89.c., state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that it has engaged in willful intentional discrimination and denies that certification of any of the putative classes defined in the Complaint is proper.

90.    The allegations of Paragraph 90 are denied.

91.    The allegations of Paragraph 91 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that it has engaged in discrimination and denies that certification of any of the putative classes defined in the Complaint is proper.

92.    The allegations of Paragraph 92 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

93.    The allegations of Paragraph 93 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

94.    The allegations of Paragraph 94 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

95.     The allegations of Paragraph 95 state a prayer for relief to which no response is required. To the extent a response is required, these allegations are denied. Goulet Pen specifically denies that Plaintiff or any individual Plaintiff purports to represent is entitled to the relief sought, or any relief from Goulet Pen in this action.

## DECLARATORY RELIEF

96.     Goulet Pen restates and incorporates its responses to Paragraphs 1-95 of the Complaint. Goulet Pen denies that certification of any of the putative classes defined in the Complaint is proper.

97.     The allegations of Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

98.     The allegations of Paragraph 98 are denied.

## PRAYER FOR RELIEF

The unnumbered paragraph of the Complaint following the heading "Prayer for Relief," including its numbered subparts a. through h., state prayers for relief to which no response is required. To the extent a response is required, Goulet Pen specifically denies that Plaintiff or any individual Plaintiff purports to represent is entitled to the relief sought, or any relief from Goulet Pen in this action.

## DEMAND FOR TRIAL BY JURY

The unnumbered paragraph of the Complaint following the heading "Demand for Trial by Jury" states a jury demand to which no response is required.

99.     All allegations in the Complaint not specifically admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Goulet Pen asserts the following affirmative and other defenses and in asserting these defenses does not concede that Goulet Pen bears the burden of proof as to any of them. Goulet Pen reserves the right to amend, modify, or expand these defenses as discovery proceeds in this matter.

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Defendant's Website is not a place of public accommodation under any of the statutes at issue in this case. Defendant does not operate any physical location that is open to the public.

3.      Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

4.      Plaintiff lacks standing because he has not suffered any actual injury that is concrete and particularized, and, for purposes of argument, in the event that Plaintiff suffered such an injury, it is not likely that a favorable court decision would redress that injury because Plaintiff's claims are moot.

5.      Plaintiff lacks standing because he may not have been bona fide patron of Defendant, but visited the subject website, if at all, solely for purposes of instituting the instant litigation.

6.      Defendant did not discriminate against Plaintiff or deny him a full and equal opportunity to access and enjoy the benefits, goods, and services provided on the Website.

7.      While there are no barriers to accessing the Website, Defendant nonetheless provides equivalent facilitation by providing reasonable alternatives for visually impaired

individuals, through among other things, providing telephonic assistance to provide customers with information about and access to its products and services.

8.      Plaintiff's claims are barred, in whole or in part, because the purported barriers are *de minimis* and/or within conventional industry tolerances. Moreover, some or all of the alleged issues raised by Plaintiff are not barriers to access and do not prevent the enjoyment of the goods and services available at the subject website and/or at any physical place related to the website.

9.      Any and all actions taken that allegedly adversely affected Plaintiff or that concern the design and construction of the website at issue were taken in good faith and for legitimate business reasons.

10.     Many, if not all, of the conditions alleged to violate the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and/or the New York State Civil Rights Law no longer exist, and, therefore, Plaintiff's claims for relief are moot. Plaintiff is not entitled to the recovery of attorneys' fees and/or costs for moot claims.

11.     Plaintiff's claims are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

12.     Plaintiff's claims are barred by the primary jurisdiction doctrine, and the Court should refrain from exercising jurisdiction over them until the U.S. Department of Justice issues regulations on accessibility standards for websites under Title III of the ADA.

13.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies upon the Web Content Accessibility Guidelines because such guidelines are not statutory or regulatory authority, but, rather, voluntary guidelines for web accessibility created by a private organization, and Defendant's website is not required to be compliant with those guidelines.

14

14.     Defendant's right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice. Neither the ADA nor the state or local statutes at issue specifically address websites, and neither the United States Department of Justice nor any other applicable federal, state, or local agency has issued any regulations or technical standards specifying if and to what extent websites must be accessible or any legal standard to be applied in determining if a website is accessible.

15.     Plaintiff's assertion that the WCAG 2.0 Level AA guidelines constitute a legal standard would require an impermissible imposition of standards without following the appropriate methodology for creating regulatory requirements.

16.     To the extent that Defendant is deemed to be not in compliance with any of the statutes at issue or any regulations, standards or guidelines, any such noncompliance was caused by third parties who are outside of the direct day-to-day control of Defendant. Defendant contracted with third party entities to design, construct, and maintain Defendant's website and/or certain features or functionalities thereof.

17.     Plaintiff fails to allege that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

18.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or waiver.

19.     Plaintiff has suffered no loss or injury that is legally or proximately caused by or attributable to Goulet Pen.

20.     Plaintiff may not maintain this lawsuit as a class action because he cannot establish the requirements of FRCP 23 or equivalent law, including, but not limited to, typicality, superiority, predominance, manageability, ascertainability, and commonality.

21.     The purported class and subclasses are not defined in an ascertainable manner, and Plaintiff's allegations are insufficient to establish a community of interest or standing to bring suit against Defendant.

22.     The putative class members' claims are barred by the same defenses that bar the named Plaintiff's claims.

23.     Goulet Pen reserves the right to assert such other and additional defenses and to amend, modify, or expand these defenses as discovery proceeds in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant The Goulet Pen Company, LLC, requests the following relief:

1.     That the Court dismiss Plaintiff's Complaint and enter judgment in favor of Goulet Pen on each count in the Complaint;

2.     An award of attorneys' and other fees and costs and expenses of this litigation; and

3.     Entry of an order for any further relief as the Court may deem just and proper.

Dated: April 19, 2019                              Respectfully submitted,

                                                _____/s/ Christina H. Bost Seaton_____
                                                Christina H. Bost Seaton
                                              FISHERBROYLES
                                              445 Park Ave., Ninth Floor
                                              New York, NY 10022
                                              Tel:  (203) 887-4665
                                              Fax: (347) 236-8654
                                              christina.bostseaton@fisherbroyles.com

Amanda M. Weaver (*pro hac vice* forthcoming)
WILLIAMS MULLEN
200 South 10th Street
Richmond, VA 23219
Tel: (804) 420-6000
Fax: (804) 420-6507
aweaver@williamsmullen.com

*Attorneys for The Goulet Pen Company, LLC*